IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

IVAN GUTIERREZ JIMENEZ,

Petitioner,

vs.

PAMELA BONDI, Attorney General; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS, Acting
Director of Immigration and Customs
Enforcement; DAVID EASTERWOOD, Acting
Director, St. Paul Field Office Immigration and
Customs Enforcement, and RYAN SHEA,
Sheriff of Freeborn County,

Respondents.

Case No. 0:26-cv-01442-SHL-DJF

**ORDER GRANTING VERIFIED
PETITION FOR WRIT OF HABEAS
CORPUS**

## I.     INTRODUCTION.

Petitioner is a citizen of Mexico who has been present in the United States since January 2022. He was arrested by federal agents on February 13, 2026. Respondents assert that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) without the opportunity for a bond hearing. For reasons set forth below, the Court disagrees and ORDERS that Petitioner be immediately released unless he has been transferred away from Minnesota, in which case he must be returned to Minnesota within twenty-four hours and then immediately released. Petitioner's Verified Petition for Writ of Habeas Corpus is GRANTED. (ECF 1.)

## II.    FINDINGS OF FACT.

Respondents largely do not dispute the facts in Petitioner's Verified Petition, and thus the Court accepts them as true except where Respondents have provided contrary evidence. Petitioner is a citizen of Mexico who has lived in the United States since January 2022. (ECF 1, ¶ 13.) He has an open immigration case with his next court hearing set for March 26, 2026, and is not subject to a final removal order. (Id., ¶ 14.) On February 13, 2026, he was arrested by federal agents and alleges that he was not presented with a warrant. (Id., ¶ 15.) Upon being taken into custody, he was detained at the Freeborn County Jail in Albert Lea, Minnesota. (Id., ¶ 18.) Petitioner sues

1

Respondents in their official capacities, seeking, among other forms of relief, immediate release from custody. (Id., pp. 15–16.)

On February 15, 2026, the Court entered an Order to Show Cause requiring Respondents, among other things, to "certify[] the true cause and proper duration of Petitioner's confinement" and explain "[w]hether Petitioner was arrested pursuant to a warrant and, if so, [provide] a copy of such warrant." (ECF 3.) Respondents responded to the Petition with a *pro forma* response stating that they "assert all arguments raised by the government in *Buenrostro-Mendez* [*v. Bondi*, No. 25-20496, 2026 WL 323330, --- F.4th ---- (5th Cir. Feb. 6, 2026)] and in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (ECF 5, p. 1.) Respondents assert that if the Court determines Petitioner is detained under § 1226(a) instead of § 1225(b)(2), the appropriate remedy is to order a custody redetermination hearing instead of immediate release. (Id.) Respondents also attach an administrative warrant, Form I-200, dated February 13, 2026, which states there is probable cause to believe Petitioner is removable based on "the execution of a charging document to initiate removal proceedings against the subject"; "biometric confirmation of the subject's identify and a records check of federal databases"; and "statements made voluntarily by the subject to an immigration officer and/or other reliable evidence." (ECF 5-1.) Respondents have not provided a notice to appear (either newly executed or previously issued).

## III.    HABEAS CORPUS STANDARDS.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Th[e] right [of habeas corpus] extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941); *see also Bradin v. U.S. Prob. & Pretrial Servs.*, No. 22-3032, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

## IV.    LEGAL ANALYSIS.

It is a fundamental principle of law that if the Government wants to keep someone in custody, it must explain the basis for doing so. This is particularly true when, as here, the detainee

has filed a petition for writ of habeas corpus. Yet Respondents have made no attempt to explain the basis for Petitioner's detention except to "assert all arguments" raised in two different cases— one resolved in Respondents' favor in the Fifth Circuit and one currently on appeal to the Eighth Circuit. (ECF 5, p. 1.) The Court appreciates and understands that Respondents' counsel is overwhelmed with habeas petitions. The Court is overwhelmed, too, however, and does not have the time or resources to dig up filings in a totally separate case and figure out how they might apply to this one. The Court therefore interprets Respondents' response as essentially no response at all.

In these circumstances, the Court will not engage in the extensive analysis it has undertaken in other cases where Respondents have made a more concerted effort to justify an alien's detention. Instead, the Court will simply offer two reasons why Petitioner has satisfied his burden of proving that his detention is unlawful.

First, most courts to have considered the issue have concluded that a person living in the United States after entering without inspection is not an "applicant for admission" subject to mandatory detention under §§ 1225(a) and (b)(2), but rather is governed by 8 U.S.C. § 1226(a), which permits discretionary release. *See, e.g.*, *Helbrum v. Williams Olson*, 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025); *Barrajas v. Noem*, No. 4:25-cv-00322-SHL-HCA, 2025 WL 2717650, at *4–5 (S.D. Iowa Sept. 23, 2025); *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025); *Romero v. Hyde*, 795 F. Supp. 3d 271, 281–88 (D. Mass. 2025); *see also Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) applies to "certain aliens already in the country"). The fact that Petitioner has been on release shows that immigration officials have not regarded him as someone who is subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218–22 (D. Mass. 2025) (holding that petitioner was not subject to mandatory detention under § 1225(b) because immigration officials chose to release her into the country following an encounter at the border). Thus, to the extent Respondents' vague reference to "all arguments raised by the government in *Buenrostro-Mendez* and in *Avila*" means they believe Petitioner is subject to mandatory detention under § 1225(b), the argument fails. At best, he is governed by § 1226(a), which governs "aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

Second, because the Court has concluded that Petitioner is not an "applicant for admission" for whom detention is mandatory under § 1225(b)(2), the only remaining issue is what relief should

3

be awarded. Petitioner asks the Court to order immediate release or, in the alternative, to require Respondents to provide an individualized bond hearing pursuant to § 1226(a). The Court has the authority to do either one. *Demore*, 538 U.S. at 517 (recognizing that § 1226(e) "contains no explicit provision barring habeas review").

It would make no sense to order a bond hearing here because Petitioner was evidently already on release in the context of ongoing immigration proceedings. (ECF 1, ¶ 14.) Respondents have not presented any evidence to indicate that Petitioner violated the terms of his bond. Instead, they simply attach an arrest warrant stating, generically, that there is a "charging document to initiate removal proceedings" and evidence to "affirmatively indicate . . . that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (ECF 5-1.) Nothing about this is new. Immigration officials previously opened removal proceedings precisely because they believed Petitioner lacked lawful status and is removable.

Granted, § 1226(b) states that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Respondents do not argue, however, that the Attorney General is revoking Petitioner's bond pursuant to § 1226(b). This is presumably because the Board of Immigration Appeals and at least one federal appellate court have held that revocation under § 1226(b) is permitted only if there has been a change in circumstances. *See, e.g.*, *Saravia for A.H. v. Sessions*, 905 F.3d 1137, 1145 (9th Cir. 2018) ("In *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981), the BIA recognized that 'where a previous bond determination has been made by an immigration judge, no change should be made … absent a change of circumstance.'"). In addition, many lower courts have held that the due process clause prohibits the Attorney General from "summarily revok[ing]" an alien's bond in the absence of changed circumstances. *See, e.g.*, *Iza v. Arnott*, No. 6:25-CV-3392-MDH, 2026 WL 67152, at *3–4 (W.D. Mo. Jan. 8, 2026); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *Kerry-Juma v. Noem*, No. CV SAG-25-04000, 2025 WL 3537525, at *2 (D. Md. Dec. 10, 2025); *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418-SDN, 2025 WL 2494530, at *6 (D. Me. Aug. 29, 2025), *appeal docketed*, No. 25-2062 (1st Cir. Nov. 3, 2025).

Here, the Court need not wade into the due process issue because, again, Respondents do not purport to be relying on § 1226(b) in the first place. Instead, they rely solely on § 1225(b) as the basis for Petitioner's arrest and detention. Because Petitioner is not governed by § 1225(b), Respondents' position fails. The Court therefore will order Petitioner's immediate release. *See*

4

*Chaudhari v. Crawford*, No. 1:25-CV-1772 (LMB/IDD), 2025 WL 3896287, at *4 (E.D. Va. Oct. 23, 2025) (ordering immediate release where "there is no indication in the record before this Court that Chaudhari's bond has been revoked under 8 U.S.C. § 1226(b)"), *appeal docketed*, No. 25-7069 (4th Cir. Dec. 23, 2025).

## V.    CONCLUSION.

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Verified Petition for Writ of Habeas Corpus (ECF 1) is GRANTED.

2. If Petitioner is in Minnesota, Respondents must immediately release him from custody. If Petitioner is not in Minnesota, Respondents must return him to Minnesota within twenty-four hours and then immediately release him from custody. Respondents shall release Petitioner with all of his personal effects, including but not limited to his purse/wallet, money, driver's license, immigration papers, passport, cell phones, and keys.

3. Within three days of the date of this Order, the Parties shall confirm that Petitioner has been released as required by this Order.

**IT IS SO ORDERED.**

Dated: February 20, 2026

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE